

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 13, 2024

**BY ECF**
The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *The New York Times Co. v. DOD, et al.*, 23 Civ. 5037 (JMF)

Dear Judge Furman:

    This Office represents the defendants in this Freedom of Information Act action. We write jointly with the plaintiff in response to the Court's July 15, 2024 order directing the parties to provide the Court with an update on the status of the defendants' responses to the plaintiff's FOIA requests. (*See* ECF No. 26).

    As background, this case involves two FOIA requests submitted to U.S. Central Command (CENTCOM), one FOIA request submitted to the U.S. Army's Office of the Provost Marshal General (OPMG), one FOIA request submitted to the Department of State ("DOS"), and one FOIA request submitted to the Drug Enforcement Administration ("DEA"). The requests seek records related to allegations of human rights abuses and corruption by Afghan national security forces in Kandahar, Afghanistan—in particular, by Afghan police general, Abdul Raziq. *See generally*, ECF No. 1. The requests also seek records that describe the U.S. government's relationship with and support for Raziq and forces under his control. *See id*.

    The status of the searches and processing for each of the FOIA requests is as follows:

1. FOIA Request #1 (CENTCOM Request No. 23-0379): As noted in the parties' October 31, 2023 status letter (ECF No. 16), CENTCOM completed its search for records, and located tens of thousands of pages of potentially responsive records. CENTCOM completed a preliminary responsiveness review of 500 such records, constituting approximately 40,000 pages. The preliminary responsiveness review revealed that only around 10% of the pages contained information actually responsive to the request. As noted in the parties' March 7, 2024 status report, given the number of potentially responsive documents located by CENTCOM, and the results of the preliminary responsiveness review, the parties were negotiating to narrow the universe of records for CENTCOM to process. The parties have since reached agreement on the universe of records that CENTCOM will process. CENTCOM is currently processing the records at a rate of 200 pages every 2 months. CENTCOM made its first production to the plaintiff on

   July 23, 2024.  CENTCOM anticipates making its second production to plaintiff next month.

2. FOIA Request #2 (CENTCOM Request No. 23-0380):  As noted in the parties' prior status letters (*see* ECF Nos. 14, 16, 19, 21), CENTCOM searched, did not locate any responsive records, and notified the plaintiff as much by letter sent via email on August 24, 2023.  In response to a request from the plaintiff, CENTCOM provided the plaintiff with information regarding how the search was conducted.

3. FOIA Request #3 (OPMG Request No. FA-23-0002):  As noted in the parties' October 31, 2023 status letter (ECF No. 16), OPMG completed its search and located approximately 200 pages of potentially responsive records, which were sent to CENTCOM to be reviewed by a subject matter expert.  CENTCOM's review of the records was completed on December 12, 2023.  OPMG produced such records to the plaintiff on January 19, 2024, save for 11 pages of such records that were being reviewed by U.S. Special Operations Command (SOCOM), the Defense Intelligence Agency (DIA), and the Central Intelligence Agency (CIA).  SOCOM, the DIA, and CIA have now completed their respective reviews and OPMG produced the outstanding 11 pages of records to plaintiff on September 12, 2024.

4. FOIA Request #4 (DOS Request No. F-2023-07024):  In the parties' October 31, 2023 status update (ECF No. 16), the parties stated that they reached agreement with respect to the search parameters and DOS was in the process of searching for responsive records.  After that status letter, the parties continued discussing the search terms and subsequently came to a revised agreement concerning the search to be performed.  As provided in the parties' January 5, 2024 status letter (ECF No. 19), DOS conducted the revised search and located approximately 900 potentially responsive documents.  DOS began processing those records in January 2024 at a rate of 300 pages per month.  As noted in the parties' prior status letter, in its first month of processing, all of the records that DOS processed originated from another government agency.  Accordingly, DOS referred the records to the relevant agency for processing and, if appropriate, release to plaintiff.  The same resulted from DOS' second month of processing.  DOS completed its third month of processing on April 29, 2024 and produced 12 responsive records to the plaintiff with FOIA withholdings.  DOS completed its fourth month of processing on May 29, 2024.  All of the relevant records that DOS processed originated from another government agency.  Accordingly, DOS referred the records to the relevant agency for processing and, if appropriate, release to the plaintiff.  On or around June 4, 2024, the parties agreed to shift to a six-week production schedule, with DOS processing 450 pages of records each cycle, and for DOS to designate the non-responsive portions of records as such.  DOS made its sixth production on July 9, 2024.  DOS made its seventh production to plaintiff on August 21, 2024.  DOS will continue processing records in accordance with the parties' agreement.

5. FOIA Request #5 (DEA Request No. FA22-4457): As outlined in the parties' prior status letters (*see* ECF Nos. 14, 16, 19), the DEA completed its initial search for records responsive to parts (1), (3), and (4) of the request, save for emails. The DEA produced those records to the plaintiff on November 7, 2023. The parties agreed on a search protocol for part (2) of the request as well as emails responsive to the request. The parties negotiated that the search protocol for part (2) of the request would comprise a limited search with the option by the plaintiff afterwards to conduct a secondary final search that would be broader in scope. The DEA completed the first limited search and notified the plaintiff on February 7, 2024, that such search returned no responsive records. Accordingly, on February 16, 2024, the plaintiff proposed a revised search protocol to be conducted as its secondary final search, which the DEA agreed to conduct. On March 27, 2024, the DEA notified the plaintiff that its secondary final search returned no responsive records.

Since several of the agencies are still processing potentially responsive records, the parties are not yet prepared to set a schedule for next steps in this litigation. The parties propose that they provide a further status update to the Court on or before November 15, 2024. The parties have not encountered any issues that require the Court's attention at this time.

We thank the Court for its attention to this matter.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2633
Email: tara.schwartz@usdoj.gov

*Counsel for Defendants*

Cc: Counsel for the Plaintiff (via ECF)

Application GRANTED. The parties shall provide a further status update to the Court on or before November 15, 2024.

SO ORDERED.

September 16, 2024

3